791 So.2d 249 (2000)
Undrea Lazar CROWLEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01335-COA.
Court of Appeals of Mississippi.
October 31, 2000.
Rehearing Denied February 27, 2001.
Certiorari Denied August 2, 2001.
*250 David L. Walker, Batesville, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Jackson, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Undrea Lazar Crowley was convicted in the Circuit Court of Panola County of the crime of injury DUI. He was sentenced to serve a term of ten years, with six and one-half years suspended, in the custody of the Mississippi Department of *251 Corrections. Aggrieved by his conviction and sentence, Crowley has appealed and contends that (1) the trial court erred in granting the elements of the crime instruction, and (2) his conviction and sentence must be reversed because the evidence is insufficient to sustain them and the verdict is against the overwhelming weight of the evidence. We find no merit in Crowley's assertions; therefore, we affirm his conviction and sentence.

FACTS
¶ 2. On July 19, 1996, Crowley, Mikal Lanier, Crowley's co-worker, and Obi Morah, Lanier's fiancé, departed Chicago on a trip to Mississippi to visit relatives. Lanier and Morah testified that Crowley drove through the night of July 19, 1996, and entered Mississippi on the morning of July 20, 1996. Lanier and Morah also testified that Crowley drank constantly during the trip.
¶ 3. On a straight stretch of the two-lane road they were traveling, Crowley attempted to pass a car driven by Martha Alderson. Traveling with Mrs. Alderson were her husband, who was in the passenger seat, and her three children, who were in the back seat. As Crowley attempted to pass Alderson, another car approached from the opposite direction. Crowley veered back into his own lane, and when he did so, he hit the Aldersons's car. Mrs. Alderson lost control of her car which went across the road and flipped several times. Mrs. Alderson's son, Ric Kimbrell, suffered a serious head injury and six broken teeth. The others in the car sustained less severe injuries. Crowley's car, with Lanier and Morah in the back seat, ended up in the ditch. After the impact, Crowley exited the car and ran off. Lanier and Morah stayed on the scene. Lanier testified that, as Crowley fled, Crowley "said something about an invalid driver's license or something."
¶ 4. Lanier and Morah both testified that Crowley drove the entire trip and that Crowley was driving at the time of the accident. Crowley testified that he did not drive, nor was he driving at the time of the accident. At one point before reaching Panola County, the site of the accident, Morah and Lanier discussed parting company with Crowley because he was drunk and driving recklessly. Before the couple could separate from Crowley, Crowley collided with the Aldersons.
¶ 5. Trooper Terry Mills of the Mississippi Highway Patrol arrived on the scene and asked Larry Locke, a constable, to help him apprehend the person who fled. Officer Locke proceeded through a cornfield and found Crowley in the garage of a home owned by Neely Hollingsworth. When Locke questioned Crowley on his reasons for being at the house, Crowley responded that he had run out of gas. Locke took Crowley back to the scene. Once there, a set of keys to the car was found in Crowley's pocket. Lanier and Morah identified Crowley as the driver of the car. Morah testified that Crowley denied that he knew them. Crowley was taken to the station where he was tested on the intoxilyzer. The result showed a blood alcohol level of .275 percent.

ANALYSIS OF THE ISSUES PRESENTED

I. Jury instruction
¶ 6. Crowley argues that the trial court erred in giving instruction 9-a. The instruction reads as follows:
The Defendant, UNDREA LAZAR CROWLEY, has been charged with driving under the influence of a substance which impaired his ability to operate a motor vehicle; And, while so impaired, UNDREA LAZAR CROWLEY, did negligently cause disfigurement to the forehead and teeth of Ric Kimbrell.
*252 If you find from the evidence in this case, beyond a reasonable doubt, that:
1. On July 20, 1996, UNDREA LAZAR CROWLEY, did drive or otherwise operate a vehicle upon Highway Number C in Panola County, Mississippi; And [sic]
2. that, UNDREA LAZAR CROWLEY, was under the influence of a substance which impaired his ability to operate a motor vehicle; And [sic]
3. that, UNDREA LAZAR CROWLEY, did drive his vehicle in a negligent manner as to indicate disregard for the safety of persons or property;
4. and, that such negligence of, UNDREA LAZAR CROWLEY, did cause disfigurement to the forehead and teeth of Rio Kimbrell, then
The Jury shall find UNDREA LAZAR CROWLEY guilty as charged.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall the Defendant not guilty. (emphasis added).
¶ 7. Crowley contends that the instruction is an incorrect statement of the law in that it does not follow Miss.Code Ann. § 63-11-30(5) (Rev.1996) which does not make reference to the words "forehead" or "teeth." The pertinent portion of the statute reads as follows:
Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who in a negligent manner causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ or member of another shall, upon conviction, be guilty of a felony and shall be committed to the custody of the State Department of Corrections for a period of time not to exceed twenty-five (25) years.
The judge held that the statute does not limit its coverage to those specific parts of the body listed. We agree.
¶ 8. Mississippi law requires that a statute imposing criminal penalties be strictly construed in favor of the accused; however, it should not be so strict as to override common sense or statutory purpose. Reining v. State, 606 So.2d 1098, 1101 (Miss.1992). Strict construction means reasonable construction. Id. The test concerning statutory construction is whether a person of ordinary intelligence would, by reading the statute, receive fair notice of that which is required or forbidden. Id.
¶ 9. It is true that the wording utilized in the statute does not specifically include the forehead and teeth among the listed body parts. However, the statute includes "any other limb, organ or member of another" person's body. Certainly, the forehead comes under this latter delineation. We do not believe that the legislature intended to limit the scope of the statute to the mutilation or disfigurement of only those parts specifically named, those being the tongue, eye, lip or nose. Such an interpretation would be nonsensical.
¶ 10. We believe the statute covers mutilation, disfigurement and destruction of the forehead and teeth. See Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995). Holloman dealt indirectly with the question of what body parts are within the purview of the statute. There, the question was whether the proof was sufficient to show either a permanent injury, disfigurement or mutilation within the meaning of the statute. Id. at 1138. In answering the question in the affirmative, the Holloman court said, "Denham's fractured pelvis and resulting limp are evidence that Holloman's negligence caused disfigurement or another." Id. at 1142. Surely, if the statute only covers the listed parts, the *253 result in Holloman should have been different because the pelvis is not one of those listed parts. Thus, on the basis of Holloman, we hold that Crowley's contention on this issue lacks merit.

II. Sufficiency and weight of the evidence
¶ 11. Crowley argues that the trial court erred in not granting his peremptory instruction. Crowley contends that per the strict interpretation of the statute, as argued in issue one, the State did not meet its burden of proof. Crowley argues that the State failed to prove the elements of the statute; therefore, there was not enough credible evidence to lead reasonable jurors to return a verdict of guilty.
¶ 12. The standard of review for overruling a peremptory instruction is the same as that of a motion for directed verdict or a JNOV, each of which tests the sufficiency of the evidence as a matter of law, viewing the evidence in a light most favorable to the verdict. Watson v. State, 722 So.2d 475 (¶ 22) (Miss.1998); May v. State, 460 So.2d 778, 778-80 (Miss.1984). Credible evidence consistent with guilt must be taken as true. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Gavin v. State, 473 So.2d 952, 956 (Miss.1985). If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the peremptory instruction or judgment (notwithstanding the verdict) is required. Id. On the other hand, if there is substantial evidence opposed to the request or motion in which reasonable fairminded men in the exercise of impartial judgment might reach different conclusions, then the request or motion should be denied. Id.
¶ 13. We have already concluded that the injuries to Ric Kimbrell's forehead and teeth constitute mutilation and disfigurement of the requisite body parts covered by the statute; therefore, we find that the State produced sufficient evidence to support the jury's verdict. The State produced evidence that Crowley was the driver at the time of the accident, that his blood alcohol level was .275, and that his negligence caused the accident and the injuries to Ric Kimbrell which included a scar of the forehead and loss of six teeth. This evidence makes it readily apparent that Crowley's argument on this issue lacks merit.
¶ 14. Crowley's second argument is that the trial court erred in denying his motion for a new trial. Crowley contends that the verdict is against the overwhelming weight of the evidence. Crowley reminds us of his testimony that he was not the driver. Additionally, Crowley points out that discrepancies existed in the witnesses's testimonies and, specifically, that the credibility of Morah was weak.
¶ 15. In reviewing motions for new trial, we will not order a new trial unless convinced that the trial court abused its discretion. Herring v. State, 691 So.2d 948, 957 (Miss.1997). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice, can we disturb it on appeal. Lane v. State, 562 So.2d 1235, 1237 (Miss.1990). "[T]he jury is charged with the responsibility of weighing and considering conflicting evidence and the credibility of witnesses." Harris v. State, 527 So.2d 647, 649 (Miss.1988).
¶ 16. The record reflects that the State produced two witnesses, Lanier and Morah, who testified that Crowley was driving drunk when he negligently caused the accident which resulted in the injuries to *254 Ric Kimbrell. As for the discrepancies in the witnesses's testimony, the jury apparently resolved those against Crowley. It is the jury's prerogative to do so. The trial court did not commit error in denying Crowley's motion for new trial. This argument lacks merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF INJURY DUI AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST SIX AND ONE HALF YEARS SUSPENDED PENDING THE APPELLANT'S FUTURE GOOD BEHAVIOR IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.