881 So.2d 895 (2004)
Eric Shautey McDONALD a/k/a Eric Wash, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-02051-COA.
Court of Appeals of Mississippi.
May 4, 2004.
Rehearing Denied August 24, 2004.
*898 James A. Williams, Meridian, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Eric McDonald was convicted of armed robbery and sentenced to thirty years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, McDonald appeals citing numerous errors. We identify the following issues in his appeal, although stated differently than stated in his brief.
I. WHETHER THE TRIAL JUDGE MADE IMPROPER COMMENTS DURING TRIAL.
II. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE DEFENDANT'S MOTION FOR A MISTRIAL.
III. WHETHER THE TRIAL COURT ERRED IN ADMITTING CERTAIN ITEMS INTO EVIDENCE.
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO ASK THE JURY IF ANYONE HAD DISCUSSED THE CASE AT THE BEGINNING OF THE SECOND DAY OF TRIAL.
V. WHETHER THE TRIAL COURT ERRED IN REQUIRING THE JURY TO CONTINUE TO DELIBERATE.
*899 VI. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR A DIRECTED VERDICT.
VII. WHETHER THE TRIAL COURT PROPERLY INSTRUCTED THE JURY WITH REGARD TO THE ELEMENTS CONTAINED IN MCDONALD'S INDICTMENT AND WHETHER THE JURY WAS PROPERLY INSTRUCTED CONCERNING ACCOMPLICE TESTIMONY.
VIII. WHETHER THE STATE PROVIDED SUFFICIENT EVIDENCE TO PROVE THE ARMED ROBBERY WAS COMMITTED WITH VIOLENCE.
IX. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WHETHER THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR A NEW TRIAL.
X. WHETHER THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 2. Finding no merit, we affirm the ruling of the trial court.

FACTS
¶ 3. On March 23, 2002, Eric McDonald and Donnie Lard drove to a Texaco store in Scooba, Mississippi. McDonald entered the store and found three employees at work. After purchasing some gum, McDonald returned to the car and waited for the customers to leave the store. McDonald then re-entered the store with a sawed-off shotgun and demanded all of the money in the cash register. The cashier, Megan Grace, complied with McDonald's command and gave him the money.
¶ 4. Jennie Huett arrived at the Texaco store as McDonald was exiting the store. Huett identified the suspect as being an African American male. She described the getaway car as being a late 1980 model Buick that was red or burgundy in color. At the time of the crime, Lard owned a burgundy colored 1990 Buick LeSabre.
¶ 5. Officer William Powell of the Scooba Police Department retrieved a surveillance video of the robbery and took a statement from each clerk. The store clerks identified the robber as an African American male wearing a black shirt with a red logo on it. The clerks stated the suspect was approximately five feet nine inches tall and weighed one hundred sixty pounds.
¶ 6. Following the crime, Lard was arrested on a separate charge. While in custody, Lard confessed to driving the getaway car in the Texaco store robbery. Lard also implicated McDonald as an accomplice in the robbery.
¶ 7. Faye Powell, Police Chief of the Scooba Police Department, went to the house of McDonald's grandmother to search for evidence that might link McDonald to the crime. Chief Powell, after receiving permission to search the house, discovered a shirt that was identical to the one worn by the person seen in the surveillance video committing the robbery. McDonald's mother also provided the police with a picture of her son. This picture depicted McDonald wearing the same shirt that the robber was wearing in the surveillance video.
¶ 8. McDonald surrendered to the police after learning that a warrant was issued for his arrest. The police noticed that McDonald was wearing shoes that matched the ones worn by the robber in the surveillance video. The police seized the shoes and placed McDonald under arrest.
*900 ¶ 9. The store clerks were shown a lineup of possible suspects. Each clerk identified McDonald as the person who robbed the store. McDonald wrote a letter to Lard while in custody awaiting trial and urged Lard to refuse to give a statement to the police. Lard replied by asking McDonald to confess to the crime because the police had arrested Richard Naylor believing that he was the robber. Naylor and McDonald have very similar facial features. Naylor was never charged with the Texaco robbery and was subsequently released.
¶ 10. McDonald's trial began on October 29, 2002. Each store clerk testified and identified McDonald as the person who robbed the store. The surveillance tape was placed into evidence as were McDonald's shirt and shoes which were compared to the items worn by the robber in the video. Lard testified that McDonald committed the robbery.
¶ 11. The jury found McDonald guilty of armed robbery on October 30, 2002. McDonald's motion for a new trial and his motion for judgment notwithstanding the verdict were denied.

LAW AND ANALYSIS

I. WHETHER THE TRIAL JUDGE MADE IMPROPER COMMENTS DURING TRIAL.
¶ 12. McDonald alleges the trial judge made the following improper comments in front of the jury which were prejudicial to McDonald.

A. Admonishing the jury to refrain from discussing the facts of the case.
¶ 13. McDonald argues the trial judge erred in telling the jury not to discuss the facts of the case after voir dire. McDonald asserts that by describing evidence presented in voir dire as facts, the court communicated to the jury that the judge knew and had already decided what the facts were.
¶ 14. The standard of review in examining the conduct of voir dire is abuse of discretion. Berry v. State, 575 So.2d 1, 9 (Miss.1990) (citing Billiot v. State, 454 So.2d 445, 457 (Miss.1984)). Abuse of discretion will only be found where a defendant shows clear prejudice resulting from undue lack of constraint on the prosecution or undue constraint of the defense. Davis v. State, 684 So.2d 643, 652 (Miss.1996).
¶ 15. There was no contemporaneous objection made to the judge's statement to the jury. Failure to object to the argument at trial is fatal to McDonald's attempt to appeal this issue. Mack v. State, 650 So.2d 1289, 1320 (Miss.1994). Notwithstanding the procedural bar, McDonald fails to meet the necessary burden of proof to make his claim. "[T]here is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate this reversible error to this court." Branch v. State, 347 So.2d 957, 958 (Miss.1977).
¶ 16. The trial judge was well within his discretion in telling the jury not to discuss the facts of the case after voir dire. In fact, this instruction properly insured the sanctity of the jury process. This prevented the prospective jurors from discussing the case among themselves prior to the time for their deliberation.

B. Commenting on the letter exchanged between Lard and McDonald.
¶ 17. McDonald argues the trial judge erred when he described the letter McDonald sent to Lard as a statement against interest. By describing the letter to the jury as a statement against interest, McDonald argues the trial judge imposed his own interpretation of the letter between *901 McDonald and Lard, thereby thwarting McDonald's attempt to explain the true meaning of the letter.
¶ 18. At trial, the State questioned Lard concerning a handwritten letter that he and McDonald had exchanged in jail. McDonald objected to the letter as hearsay. The trial judge ruled that the letter was a statement against interest and was admissible as an exception to the hearsay rule. M.R.E. 801(d)(2). "Trial judges may explain their rulings on evidentiary objections as long as they do not comment upon the evidence in a prejudicial manner." Wells v. State, 698 So.2d 497, 510 (Miss.1997). The comment did not prejudice McDonald's defense.

C. Lard's guilty plea.
¶ 19. McDonald argues that the trial judge made improper comments concerning Lard's guilty plea. McDonald's counsel questioned whether Lard's guilty plea would be withdrawn if he failed to name McDonald as the robber. The trial judge noted on the record several times that Lard had already been adjudicated guilty. McDonald asserts the statements warrant reversal for the same reason that telling a jury a co-defendant was previously convicted by a jury is reversible error.
¶ 20. The Mississippi Supreme Court has held that it is improper to introduce an accomplice's conviction of the same crime for which the defendant is being tried. See, e.g., Johns v. State, 592 So.2d 86, 89 (Miss.1991); Henderson v. State, 403 So.2d 139, 141 (Miss.1981). These cases stood for the proposition that:
where two or more persons are jointly indicted for the same offense but are separately tried, a judgment of conviction against one of them is not competent evidence on the trial of the other because such plea of guilty or conviction is no evidence of the guilt of the party being tried.
Johns v. State, 592 So.2d 86, 90 (Miss.1991) (quoting Buckley v. State, 223 So.2d 524, 528 (Miss.1969)).
¶ 21. However, the court in White v. State, 616 So.2d 304, 308 (Miss.1993) held that although it was error to admit evidence of a guilty plea of an alleged co-conspirator, it was not reversible error. The court, in White, distinguished Johns because a plea of guilty is not synonymous with a conviction by a separate tribunal, holding that:
[W]e are dealing with a plea of guilty in the instant case; that is, a prior admission of guilt, which is consistent with the testimony at trial. This is a significant distinction because prior statements have evidentiary value different from prior findings of other tribunals.
Moreover, whether an error in admitting this evidence is sufficiently prejudicial to warrant reversal may be resolved differently where the offending evidence is no more than a repetition of what is said by the witness before a jury and subject to cross examination, as opposed to evidence of the collective judgment of another jury....
White, 616 So.2d at 307. See also Henderson v. State, 732 So.2d 211, 215 (Miss.1999).
¶ 22. On cross-examination Lard was questioned extensively about the nature of any sentencing arrangement he was receiving from the State. Even without Lard's testimony about any previous guilty plea, he made a detailed, in-court confession of his guilt. When Lard testified that he had previously pleaded guilty to the armed robbery with which McDonald was charged, he added nothing to his otherwise competent testimony. Under these circumstances, the judge's comments concerning adjudication cannot be *902 deemed error sufficient to warrant reversal.

D. Authenticating the videotape.
¶ 23. McDonald alleges the trial judge erred in allowing the store clerks to jointly authenticate the surveillance videotape before testifying. McDonald argues the actions of the judge revealed to the jury that the judge was partisan against McDonald at trial.
¶ 24. Mississippi Rules of Evidence 901 requires that a document must be authenticated prior to its admission into evidence. In Johnston v. State, 567 So.2d 237, 238 (Miss.1990), our supreme court stated:
The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused. Hentz v. State, 542 So.2d 914, 917 (Miss.1989). The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence. Under M.R.E. 901, authentication and identification are conditions precedent to admissibility. Generally these serve simply to establish that a matter is what it is claimed to be.
¶ 25. In our review of the record, we note that the trial court, for the purpose of efficiency and trial management, allowed the three witnesses to jointly authenticate a surveillance video. The jury was not present in the courtroom during this procedure. We do not interpret the judge's action as an act of partiality or a deliberate attempt to coach the witnesses or improperly refresh the witnesses' memory before they were to testify. All three witnesses were present when the robbery was committed and had individually identified McDonald as the culprit in a photographic lineup. The record does not reflect that McDonald objected to the authentication procedure; therefore, he is procedurally barred from raising this issue on appeal. Mack, 650 So.2d at 1320. This assignment of error is without merit.

E. Trial judge's comment to rephrase a question.
¶ 26. McDonald also argues the trial judge erred when he asked the State to rephrase a question presented to Lard. McDonald made no objection at trial so he is procedurally barred from raising the issue. Mack, 650 So.2d at 1320. Aside from the procedural bar, we find that the statements by the trial judge were within his discretion and a proper method of managing the trial. The issue regarding comments by the trial judge is without merit.

II. WHETHER THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE DEFENDANT'S MOTION FOR A MISTRIAL.
¶ 27. McDonald argues a mistrial was warranted after juror forty-four revealed in voir dire that McDonald was incarcerated in the Lauderdale County Jail. McDonald asserts the trial judge should have questioned the panel as to whether they could disregard the juror's remark and decide the case on the evidence.
¶ 28. The standard of review for a trial court's decision regarding whether to grant a mistrial is abuse of discretion. Caston v. State, 823 So.2d 473, 492 (Miss.2002). The Uniform Circuit and County Court Rule 3.12 concerning mistrials states:
Upon motion of any party, the court may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, the party's attorneys, or someone acting at the behest of the party or the party's *903 attorney, resulting in substantial and irreparable prejudice to the movant's case.
Upon motion of a party or its own motion, the court may declare a mistrial if:
1. The trial cannot proceed in conformity with law; or
2. It appears there is no reasonable probability of the jury's agreement
¶ 29. In the case sub judice, the trial judge found no prejudice because it would be obvious to any potential juror that McDonald had been arrested. It would also be reasonable for a juror to assume McDonald would have been incarcerated in a jail at some point. This assignment of error is without merit.

III. WHETHER THE TRIAL COURT ERRED IN ADMITTING CERTAIN ITEMS INTO EVIDENCE.
¶ 30. McDonald alleges three assignments of error by the trial judge in admitting items into evidence. The trial court's admission of evidence will not be disturbed absent an abuse of discretion. Rambus v. State, 804 So.2d 1052, 1059 (¶ 20) (Miss.Ct.App.2001).
¶ 31. McDonald argues the trial judge erred in admitting Chief Powell's testimony concerning the ownership of a shirt found at the house of McDonald's grandmother. He alleges Chief Powell lacked personal knowledge and is merely speculating as to the ownership of the shirt.
¶ 32. McDonald also alleges it was error to admit a photograph that showed McDonald wearing a shirt like the one the robber wore on the surveillance video.
¶ 33. The record does not reflect that McDonald objected to the testimony of Chief Powell or the admission of the photograph. McDonald failed to raise the issue in the trial court; therefore, he is procedurally barred from raising these issues on appeal. Mack, 650 So.2d at 1320.
¶ 34. McDonald also argues the trial judge erred in admitting a letter that he exchanged with Lard. The trial judge ruled the note was a statement against interest. McDonald argues the letter bolstered Lard's testimony. As previously discussed, the letter was admissible and the trial judge did not abuse his discretion. This assignment of error is without merit.

IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO ASK THE JURY IF ANYONE HAD DISCUSSED THE CASE AT THE BEGINNING OF THE SECOND DAY OF TRIAL.
¶ 35. McDonald argues the trial judge erred when he failed to inquire on the second day of trial whether any juror had discussed the case or seen accounts in the media.
¶ 36. The trial judge admonished the jury not to discuss the case with anyone following the conclusion of the first day of trial. The trial judge also told the jury not to read newspapers or look at any media broadcasts related to the trial. But there is no evidence in the record to indicate the judge asked the jury whether anyone had violated his instructions.
¶ 37. The jury is presumed to follow the judge's admonitions. Walker v. State, 671 So.2d 581, 618 (Miss.1995). There is nothing to indicate the jury did not comply with the judge's admonitions in this case.
¶ 38. McDonald has done nothing to overcome the presumption that the jury did as instructed. This assignment of error is without merit.

*904 V. WHETHER THE TRIAL COURT ERRED IN REQUIRING THE JURY TO CONTINUE TO DELIBERATE.
¶ 39. McDonald argues the trial court erred when it required the jury to keep deliberating without giving a Sharplin instruction to the jury. When the jury returned from deliberating, the verdict had been reached but was not in proper form. The judge told the jury to return to the jury room and amend the verdict so it would comply with the jury instructions.
¶ 40. Approximately six minutes later, the jury returned and presented the judge with a verdict. While the judge was polling the jury, one juror indicated it was not his verdict and the judge instructed the jury to return to the jury room to continue the deliberations. After deliberating thirty minutes, the jury returned a unanimous verdict of guilty.
¶ 41. "It is within the sound discretion of the trial judge as to how long he will keep the jury in deliberation, and this discretion will not be reviewed on appeal unless there has been a clear abuse of discretion." Dixon v. State, 306 So.2d 302, 304 (Miss.1975) (quoting Gordon v. State, 149 So.2d 475, 477 (Miss.1963)). If a trial judge believes there is a possibility that a jury might reach a verdict, he may return the jury for further deliberations by simply instructing the jury to continue its deliberations or he may give the Sharplin instruction. Brantley v. State, 610 So.2d 1139, 1142 (Miss.1992).
¶ 42. McDonald's alternative argument of ineffective assistance of counsel due to counsel's failure to require verbal assent by all jurors and to object to continued jury deliberations is also without merit. The jury deliberated for three hours and ten minutes. None of the jurors expressed a desire to recess deliberations at any time. We find that the trial judge acted within his judicial discretion in instructing the jury to continue its deliberations and there was no basis for objection by counsel.

VI. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR A DIRECTED VERDICT.
¶ 43. Motions for directed verdict and motions for JNOV are for the purpose of challenging the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993); Strong v. State, 600 So.2d 199, 201 (Miss.1992). In reviewing the sufficiency of the evidence questions, the court is required to view the evidence in the light favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from the evidence, and accepting as true that evidence which supports guilt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). It must not weigh the evidence or its credibility as that is the province of the jury. Id. The court may only reverse if the evidence is such that fair-minded jurors could only find the defendant not guilty. Id.
¶ 44. There was substantial evidence proving all elements of the crime. The circuit court correctly denied the motion for a directed verdict. McDonald's argument is without merit.

VII. WHETHER THE TRIAL COURT PROPERLY INSTRUCTED THE JURY WITH REGARD TO THE ELEMENTS CONTAINED IN MCDONALD'S INDICTMENT AND WHETHER THE JURY WAS PROPERLY INSTRUCTED CONCERNING ACCOMPLICE TESTIMONY.
¶ 45. McDonald alleges that jury instruction C-8 failed to track the indictment. *905 The indictment in relevant part reads:
Eric Shautey McDonald ... in said county and state on or about the twenty-third day of March, A.D., 2002 did wilfully, unlawfully and feloniously take the personal property of BURNS & BURNS DBA BURNS & BURNS TEXACO, SCOOBA, MISS., consisting of seven hundred three dollars (703.00) in good and lawful currency of the United States, from the persons and presence of Latasha Jones, Megan Grace, and Barbara Boyd, against the persons' will, by violence to said persons by the exhibition of a deadly weapon, to wit: a sawed-off shotgun, putting the said employees in fear of immediate injury to said person.
Jury instruction C-8, in its relevant part reads:
The Court instructs the jury that you should find from the evidence in this case, beyond a reasonable doubt:
1. On or about the twenty-third day of March, 2002 in Kemper County, Mississippi;
2. The Defendant, Eric McDonald, acting alone or with another, did willfully and unlawfully take the personal property of Burns and Burns Texaco in Scooba, from the person or presence of Megan Grace, Barbara Boyd and Latasha Jones from their persons or presence and against their will, by violence to their person or by putting such person in fear of immediate injury to their person;
3. By the exhibition of a deadly weapon.
¶ 46. At the close of the trial, the State and McDonald submitted jury instructions to the trial court. McDonald's counsel objected to the State's jury instruction S-1 for failure to contain language that the robbery was committed by violence. The trial court sustained the objection. After S-1 was rejected, the court drafted C-8 to which McDonald renewed his objection arguing that it failed to follow the indictment.
¶ 47. An instruction which fails to instruct the jury in language that tracks the indictment does not necessarily render it fatally defective. Duplantis v. State, 708 So.2d 1327, 1344 (Miss.1998) (citing Doss v. State, 709 So.2d 369 (Miss.1996)); Berry v. State, 575 So.2d 1, 13 (Miss.1990). The jury instruction at issue properly addresses all material elements of the indictment.
¶ 48. McDonald also argues that an instruction on accomplice testimony was required. Lard was an accomplice to the robbery and he testified at trial claiming McDonald committed the robbery. Because this testimony bolstered the store clerk's testimony which identified McDonald as the robber, McDonald argues he was entitled to an accomplice instruction.
¶ 49. The granting of a cautionary instruction regarding accomplice testimony is discretionary with the trial court. Wheeler v. State, 560 So.2d 171, 172 (Miss.1990).
¶ 50. McDonald did not request an accomplice instruction. Therefore, he is procedurally barred from raising this issue for the first time on appeal. Mack, 650 So.2d at 1320. Notwithstanding the procedural bar, Lard's testimony was corroborated with credible evidence of video images and eyewitness accounts that McDonald was the person who robbed the store. The trial judge did not abuse his discretion by omitting an instruction regarding the accomplice's testimony. The assignment of error pertaining to jury instructions is without merit.

*906 VIII. WHETHER THE STATE PROVIDED SUFFICIENT EVIDENCE TO PROVE THE ARMED ROBBERY WAS COMMITTED WITH VIOLENCE.
¶ 51. McDonald argues that his indictment for armed robbery alleged violence but none was proven by the State. Mississippi Code Annotated Section 97-3-79 (Supp.2003) provides that armed robbery may be committed by use of a deadly weapon to be proved by violence applied to the person or by exhibition of a deadly weapon. McDonald was identified on video brandishing a weapon in a store clerk's face and demanding money. This evidence is sufficient to prove all elements of the crime. This assignment of error is without merit.

IX. WHETHER THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR A NEW TRIAL.
¶ 52. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Dudley, 719 So.2d at 182. "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
¶ 53. Accepting as true all evidence favorable to the State, there was more than sufficient evidence to support the jury's findings.
¶ 54. A motion for a new trial also asks the Court to hold that the verdict was contrary to the overwhelming weight of the evidence. Crowley v. State, 791 So.2d 249, 253 (¶ 15) (Miss.Ct.App.2000), citing Lane v. State, 562 So.2d 1235, 1237 (Miss.1990). When a motion for a new trial is made, the court must accept as true all evidence that favors the verdict. Youngblood v. State, 759 So.2d 479, 483 (¶ 17) (Miss.Ct.App.2000) (citing Veal v. State, 585 So.2d 693, 695 (Miss.1991)). The grant or denial of a motion for a new trial rests within the sound discretion of the court. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.2001). That discretion should only be used to avoid an unconscionable injustice. Id. Unless the reviewing court upon an examination of that evidence finds it so lacking that to allow the verdict to stand would sanction an unconscionable justice, the motion for a new trial should be denied. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 55. As previously stated, there was substantial evidence to support the conviction. The circuit court did not abuse its discretion in denying these two motions.

X. WHETHER THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 56. McDonald's remaining assignments of error are ineffective assistance of counsel claims at various points in the *907 proceedings. We review claims of ineffective assistance of counsel based upon a two part inquiry: (1) whether counsel's performance was deficient; and (2) whether that deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984). Deficient performance is evaluated by whether counsel's advice falls outside objective parameters of professional reasonableness. Id. at 687-88. Prejudice is measured by whether the result of the proceedings would have been different but for counsel's deficiency. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 57. An appellate court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001).
¶ 58. To avoid a lengthy discussion pertaining to the twenty-five instances of alleged ineffective assistance of counsel to which McDonald alludes, we address collectively all claims of ineffective assistance of counsel. Each instance of claimed ineffective assistance of counsel was analyzed in accordance with Strickland and found to contain no merit.
¶ 59. With respect to McDonald's specific claim that counsel failed to investigate, McDonald provides no evidence or assertions of what counsel should have investigated or how such an investigation would have impacted his case favorably. A petitioner must allege with specificity and detail the claimed ineffective assistance and how such actions, or inactions, prejudiced him. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990).
¶ 60. McDonald argues his attorney failed to investigate mitigating evidence in preparation for his case and failed to conduct interviews with witnesses. Although McDonald has made the above assertions, he did not provide a list of witnesses nor did he provide affidavits which set forth the facts and evidence to support the claims. Moore v. State, 676 So.2d 244, 246 (Miss.1996).
¶ 61. With respect to the overall performance of the attorney, "counsel's failure to file certain motions, call certain witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy." Cole v. State, 666 So.2d 767, 777 (Miss.1995). There is no evidence that counsel was ineffective in this case because counsel's tactics and strategy were in all likelihood the best available course to pursue.
¶ 62. Considering the overwhelming evidence of McDonald's guilt, this Court cannot conclude that McDonald's trial attorney's performance as a whole fell below the standard of reasonableness and that the mistakes, if any, were serious enough to erode confidence in the outcome of the trial below. Coleman v. State, 749 So.2d 1003, 1012 (¶ 27) (Miss.1999). This assignment of error is without merit.
¶ 63. THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAY RESTITUTION OF $703 IS AFFIRMED. THIS SENTENCE SHALL RUN CONSECUTIVELY TO SENTENCE IN CAUSE NO. 411-02. COSTS OF THIS APPEAL ARE ASSESSED TO KEMPER COUNTY.
*908 KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.