GRIFFIS, P.J.,
for the Court:
¶ 1. Stephen Powell appeals his convictions of sexual battery and conspiracy to commit sexual battery under Mississippi Code Annotated sections 97-3-95 (Rev. 2006) and 97-1-1 (Supp.2010), respectively. He argues that the trial judge erred: (1) when he sent the jury to continue deliberations twice without giving the Sharplin instruction and (2) when he denied Powell’s motion for a mistrial. We find no error and affirm.
FACTS
¶ 2. Powell and his girlfriend, Candace McKenzie, were indicted for sexual battery and conspiracy to commit sexual battery upon McKenzie’s seven-year-old daughter.[1] At trial, after the State and the defense had rested, the trial judge instructed the jury and sent the jury to deliberate.
¶ 3. After approximately two-and-half hours, the trial court recessed for the day. The following morning, the jury sent the trial judge a note that stated that they had failed to reach a verdict. The jury was brought into the courtroom, and the trial judge asked each juror if further deliberations would help them reach a verdict. Nine jurors answered, ‘Yes,” and three jurors answered, “No.” The trial judge stated: “I think we ought to try to work a little more again then,” and he sent the jury back to continue its deliberations.
¶ 4. A short time later, the jury sent out another note that stated they had reached a verdict. The jury was brought into the courtroom, and the verdict was announced. Powell was found guilty on all counts. Defense counsel asked for the jury to be polled. The trial judge asked each juror if *57 the verdict, as announced, reflected his or her individual decision. Ten jurors answered, “Yes,” while two jurors answered, “No.” The trial judge then stated:
All right. Ladies and gentlemen, what I have here, I want to ask the jury to go back into the jury room. I’m getting a misread here. When you tell me we are ready to report, that indicates to me that is a unanimous decision; but as I poll the jury individually, it seems to be a ten-to-two decision. I’m not suggesting anyone change their mind or anything, but I just want you to go back and reconvene and I have got to know whether it’s a split decision or whether it’s a unanimous decision. I just want you all to go back there and huddle up and send me another note when you are ready to come back out, and I’ll do the same thing again and see if the results are the same.
He then sent the jury back to continue its deliberations. The defense immediately moved for a mistrial, which the trial judge denied.
¶ 5. Shortly thereafter, the jury sent another note to the trial judge that stated they had reached a verdict. The jury was brought into the courtroom, and the verdict was announced. Powell was again found guilty on all counts. The jury was polled. This time, each juror affirmed that the verdict reflected his or her individual decision.
¶ 6. Powell was sentenced to twenty years, with twelve years suspended, in the custody of the Mississippi Department of Corrections for the sexual-battery charge. In addition, he was sentenced to five years for the conspiracy charge, with that sentence ordered to run concurrently with the twenty-year sentence for sexual battery. It is from this judgment that Powell appeals.
ANALYSIS

1. Whether the trial judge erred when he ordered the jury to resume its deliberations without either giving the Sharplin instruction or stating, “Please continue your deliberations.”

¶7. If a jury initially fails to reach a verdict and the trial judge believes there is a possibility that further deliberations would result in a verdict, he “may return the jury for further deliberations by simply instructing the jury to continue its deliberations or he may give the Sharplin instruction.” McDonald v. State, 881 So.2d 895, 904 (¶ 41) (Miss.Ct.App.2004) (citing Brantley v. State, 610 So.2d 1139, 1142 (Miss.1992)).
¶ 8. In Sharplin v. State, 330 So.2d 591, 596 (Miss.1976), the Mississippi Supreme Court stated:
If the trial judge feels that there is a likelihood that the jury might reach a verdict, he may return the jury for further deliberations by simply stating to the jurors: “Please continue your deliberations,” or he may give the following instruction[:]....
I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fel *58 low jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Please continue your deliberations.
The rule is stated in the disjunctive. That is, the trial judge may give the Sharplin instruction, or he may simply order the jury to continue its deliberations.
¶ 9. Here, the trial judge chose not to give the Sharplin instruction. Instead, he simply ordered the jury to resume its deliberations. He did this on two occasions. First, when the jury reported that they could not reach a verdict, he asked them if further deliberations would help. Nine of the twelve jurors said that it would. The trial judge then stated: “I think we ought to try to work a little more again then,” and he sent them back for further deliberations. Second, when the results of the jury poll conflicted with the announced verdict, he sent the jury back so that they could clear up the discrepancy. The trial judge clearly advised: “I’m not suggesting anyone change their mind or anything.”
¶ 10. We find that the trial judge did not coerce the jury into reaching a verdict. See, e.g., United States v. Warren, 594 F.2d 1046, 1050 (5th Cir.1979) (trial court’s direction for jury to continue deliberations and denial of mistrial was not abuse of discretion where juror stated verdict was not his). He did not say anything to apply undue pressure on the jury. He merely ordered the jury to continue its deliberations. While it is true that he did not say the exact words, “Please continue your deliberations,” that is the meaning of what he said. Therefore, we find that the trial court complied with the Sharplin holding, and this issue is without merit.

2. Whether the trial judge erred when he denied Powell’s motion for a mistrial.

¶ 11. Powell argues that the trial judge erred when he denied Powell’s motion for a mistrial. Powell moved for a mistrial when the results of the jury poll conflicted with the announced verdict. He argues that, by that time, the jury had indicated twice that they could not agree on a verdict.
¶ 12. Whether to grant a mistrial is within the sound discretion of the trial judge, and we will not reverse his decision unless it amounts to an abuse of discretion. McDonald 881 So.2d at 902 (¶ 28). Uniform Rule of Circuit and County Court 3.12 provides that the trial judge may declare a mistrial if “[i]t appears there is no reasonable probability of the jury’s agreement upon a verdict.” As previously stated, if the trial judge finds there is a possibility that further deliberations would result in a verdict, he may order the jury to resume its deliberations. McDonald, 881 So.2d at 904 (¶41).
¶ 13. Here, the trial judge was within his discretion when he denied the motion for a mistrial. After the jury indicated that they could not reach a verdict, nine jurors stated that additional time would help. This certainly gave the trial judge a reasonable basis to find that further deliberations might result in a verdict. Also, based on the jury poll after the verdict was announced, the trial judge had every reason to determine that further deliberations would help clear up the discrepancy.
¶ 14. The supreme court has held that, when the jury poll conflicts with the verdict, the trial judge may either order the jury to resume its deliberations or order a mistrial. State v. Taylor, 544 So.2d 1387, *59 1389 (Miss.1989). In this case, the trial judge, in his discretion, chose to order the jury to resume its deliberations. Accordingly, we find this issue is without merit.
¶ 15. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT SEXUAL BATTERY, AND SENTENCE OF FIVE YEARS AND COUNT II, SEXUAL BATTERY, AND SENTENCE OF TWENTY YEARS, WITH TWELVE YEARS SUSPENDED, TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. This appeal only involves Powell; McKenzie is not a party.