562 So.2d 1235 (1990)
Marron LANE
v.
STATE of Mississippi.
No. 07-KA-59292.
Supreme Court of Mississippi.
April 18, 1990.
James N. Sherman, Jr., John T. Haltom, Indianola, for appellant.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Marron Lane and Monica Toomer were indicted by the Sunflower County Grand Jury on October 1, 1987, for conspiracy to possess cocaine, a Schedule II controlled substance, with intent to sell, barter, transfer or distribute the same in violation of Miss. Code Ann. § 41-29-139(a)(2), (b)(1), (1972), as Amended. Lane was found guilty and sentenced to serve twenty (20) years with the Mississippi Department of Corrections with five (5) years suspended on the same terms and conditions as if he were on parole. Also, he was ordered to pay a fine and costs totaling $10,658.50. Lane appeals and assigns the following errors:
1. The trial court erred in overruling Marron Lane's motion for a directed verdict and overruling Marron Lane's motion for a new trial based on the conviction being against the overwhelming weight of the evidence, and the verdict being contrary to law and the principles of justice and equity; and
2. The sentence imposed against the defendant by the trial court exceeded that provided for in § 97-1-1, Mississippi Code of 1972, as Amended.

I.

DID THE TRIAL JUDGE ERR IN OVERRULING MARRON LANE'S MOTION FOR DIRECTED VERDICT AND OVERRULING HIS MOTION FOR A NEW TRIAL BASED ON THE CONVICTION BEING AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE VERDICT BEING CONTRARY TO LAW AND THE PRINCIPLES OF JUSTICE AND EQUITY?
Without going into the details of the evidence, suffice to say that the verdict was not against the overwhelming weight of the evidence and the prosecution produced sufficient evidence upon which the jury could convict.
The standards for this Court's review of failure to grant a directed verdict or a motion for new trial are well established. For a directed verdict we must consider all the evidence in the light most favorable to the prosecution. A motion for a new trial is discretionary with the trial *1237 judge and we will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. May v. State, 460 So.2d 778 (Miss. 1985). When we apply those tests to this record there is no merit to this assignment of error.

II.

DID THE SENTENCE IMPOSED AGAINST LANE BY THE TRIAL COURT EXCEED THAT PROVIDED FOR BY STATE LAW?
Lane takes the position that when you read the indictment against him along with the conspiracy statute he could only be fined five thousand dollars ($5,000.00) and imprisoned for not more than five (5) years, or both, in accord with § 97-1-1(h), Miss. Code Ann. (1972), as Amended.
Lane was sentenced to twenty (20) years with five (5) years suspended along with a fine of $10,000.00 and court costs of $658.50. It must be remembered that Lane was indicted for conspiracy to commit a crime in violation of § 41-29-139(a)(1).
Miss. Code Ann., § 97-1-1 (1972), as Amended, provides in pertinent part as follows:
§ 97-1-1. Conspiracy.
If two (2) or more persons conspire either:
(a) To commit a crime; or
* * * * * *
(h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means, such persons, and each of them, shall be guilty of a felony and upon conviction be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment of not more than five (5) years, or both. (Emphasis Added).
However, the statute goes further to provide for enhanced sentencing for specific conspiracy crimes as follows:
Provided, that where the crime conspired to be committed ... is a violation of section 41-29-139(b)(1) ... Mississippi Code of 1972, being provisions of the Uniform Controlled Substances Law, the offense shall be punishable by a fine of not more than five hundred thousand dollars ($500,000.00) or by imprisonment for not more than twenty (20) years, or by both. (Emphasis Added).
Lane argues that as he was indicted under § 41-29-139(a)(1) and not § 139(b)(1), therefore, his sentence should not have been over five years or five thousand dollars. Miss. Code Ann. § 41-29-139 provides in pertinent part as follows:
§ 41-29-139. Prohibited acts; penalties.
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; or ...
* * * * * *
(b) ... any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Section 41-29-113 and 41-29-115, ... such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than One Thousand Dollars ($1,000.00) nor more than One Million Dollars ($1,000,000.00), or both.
Lane's argument has surface appeal but lacks depth. Section 41-29-139(a)(1) is merely the provision that defines the prohibited acts and § 41-29-139(b)(1) is the sentencing provision for sub-section (a). Lane was therefore, indicted under the correct statute. The penalty section for a violation of (a)(1) is in section (b)(1). The discrepancy in the code section is because the conspiracy statute section dealing with enhanced sentencing for controlled substances, § 97-1-1, directly refers to the sentencing provision under § 41-29-139. Lane was convicted for a violation of the conspiracy statute and his conspiracy was to commit a crime which has an enhanced *1238 sentencing provision for controlled substances. Therefore, the circuit judge acted well within the law when he sentenced Lane to twenty (20) years with five (5) years suspended and the fine of $10,658.50, as the conspiracy statute, § 97-1-1, allows imprisonment up to twenty (20) years and a fine up to five hundred thousand dollars ($500,000.00). There is no merit to this assignment of error.
CONVICTION OF CONSPIRACY TO POSSESS COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, WITH INTENT TO SELL, BARTER, TRANSFER OR DISTRIBUTE THE SAME AND SENTENCE OF TWENTY (20) YEARS IMPRISONMENT IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE (5) YEARS SUSPENDED AND TO PAY A FINE AND COSTS OF $10,658.50 AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.