# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-KA-01311-SCT

*CLIFF HENSLEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/2010 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/08/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.   On May 11, 2010, a Tishomingo County jury found Cliff Hensley (Cliff) guilty of conspiracy to manufacture methamphetamine in violation of Mississippi Code Sections 41-29-139 and 97-1-1.  Cliff was sentenced as a habitual offender to a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC).  In this appeal, Cliff asserts his sentence of twenty years is an improper sentence under the governing statutes.

## FACTS AND PROCEEDINGS BELOW

¶2. Jeff Palmer, former commander of the Stateline Narcotics Task Force,[1] was working closely with the Mississippi Bureau of Narcotics and the narcotics officers based out of McNairy County, Tennessee, at the time of Cliff's arrest. Palmer testified that an individual buying pseudoephedrine would have to show a photo ID and sign a list identifying what kind of pills and how many dosage units were being purchased. Palmer helped create a list for the Stateline Narcotics Task Force of individuals who were known to cross state lines to purchase pseudoephedrine.[2] This list was placed at pharmacies, and the pharmacists or pharmacy technicians would contact the task force when an individual on the list bought pseudoephedrine.

¶3. On June 20, 2007, Palmer received a phone call from the Kroger pharmacy in Corinth, Mississippi, indicating that a Jeff Hensley (Jeff), who was on the pseudoephedrine list, had entered the store requesting to buy pseudoephedrine. Palmer instructed the pharmacist to sell the pseudoephedrine to Jeff. Palmer then contacted Ben Caldwell, a Corinth Police Department detective, to help conduct surveillance of the Kroger parking lot as Jeff was leaving Kroger. While Palmer and Caldwell were conducting surveillance, Jeff and another individual traveled to Burnsville, made a loop through a closed pharmacy parking lot, and continued east on Highway 72. Shortly thereafter, Palmer and Caldwell conducted a traffic stop of the car.

---

[1] The Stateline Narcotics Task Force consisted of the Iuka Police Department, Tishomingo County Sheriff's Department, Corinth Police Department, and the Alcorn County Sheriff's Department. The task force no longer exists.

[2] Pseudoephedrine is essential to the manufacture of methamphetamine.

¶4.     Jeff was driving the vehicle, and Cliff was riding in the passenger seat at the time of the stop. Palmer and Caldwell separated Cliff and Jeff, asked them questions, and received contradictory answers concerning their trip to Alabama. Jeff gave Palmer permission to search the vehicle. A plastic container containing around $100 in cash and forty-eight loose pseudoephedrine pills was found.[3] Two empty boxes of pseudoephedrine and a Kroger receipt also were found.

¶5.     Cliff and Jeff were arrested and transported to the Tishomingo County Sheriff's Department. After reading Cliff and Jeff their *Miranda*[4] rights, Palmer received a written statement from Cliff. Cliff gave Palmer the information, and Palmer made a written statement. Cliff signed the statement agreeing with all facts contained in the statement. The statement is as follows:

> During the past month, my brother, Jeff Hensley and I, have been purchasing pseudoephedrine pills. I have bought pills at Walgreen's in Corinth and Kroger in Corinth. I have bought some at Rite Aid in Selmer, Tennessee, a couple of weeks ago. The pills I buy I give to Jeff. Jeff carries the pills to somebody that cooks meth. I am currently out on bond in McNairy County, Tennessee, for possession of meth. The last time I used meth was a couple of days ago.
>
> Today, Jeff and I rode to Corinth. Jeff bought two boxes of pseudoephdrine pills at Kroger. I popped the pills out and put them in a plastic container with our money. Jeff told me about a store in Burnsville, and we went there. The store was closed. We were headed to Alabama to buy some more pills when we were pulled over.

---

[3] Palmer testified that pseudoephedrine pills are often emptied from the packaging so the pills will be easier to hide or to begin the "break down" process necessary to include pseudoephedrine in methamphetamine.

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

¶6. Prior to the traffic stop, the officers did not know Cliff was in the vehicle, but Cliff's name was also on the list of individuals purchasing pseudoephedrine on a routine basis. Jeff also gave a statement that explained their specific actions in attempting to buy pills at several different pharmacies the day they were arrested.

¶7. At trial, after Palmer's testimony explaining how the brothers' statements were obtained, the State moved, outside the presence of the jury, to enter into evidence certified copies of Cliff's prior convictions. The State argued the convictions were to be introduced under Mississippi Rule of Evidence Rule 404(b) to show Cliff's purpose in purchasing and being involved in the purchase of pseudoephedrine pills for the manufacture of methamphetamine. The Court ruled that the prior convictions could be admitted to show Cliff's motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident under Rule 404(b). The State prepared a limiting instruction to accompany these prior convictions.

¶8. Alicia Waldrop, a forensic drug analysis expert, testified that the pills found with Cliff and Jeff were pseudoephedrine. After Palmer and Waldrop each concluded their testimony, the State rested, and the defense moved for a directed verdict. The defense argued the State was unable to prove that there had been an agreement on June 20, 2007, to manufacture methamphetamine. The defense also argued that Hensley's indictment should have specified Section 41-29-315, which bars manufacture of methamphetamine, rather than Section 41-29-139, which bars the manufacture of a controlled substance. *See* Miss. Code Ann. § 41-29-315, § 41-29-139 (Rev. 2009). The motion for directed verdict was denied.

¶9. The State then moved to amend the indictment to charge Cliff as a habitual offender. The motion previously had been filed, and defense counsel had been given notice of the motion. The judge granted the motion. After putting on no witnesses, the defense rested. The jury found Cliff guilty of conspiracy to manufacture methamphetamine. The trial judge, finding that Cliff had been convicted three times previously of felony crimes and sentenced on each conviction to separate terms of one year or more, sentenced Cliff as a habitual offender pursuant to Mississippi Code Section 99-19-81 to twenty years in the custody of the MDOC. *See* Miss. Code Ann. § 99-19-81 (Rev. 2007).

## DISCUSSION

**WHETHER THE SENTENCE OF TWENTY YEARS AS A HABITUAL OFFENDER WAS AN IMPROPER SENTENCE FOR CONVICTION OF CONSPIRACY TO MANUFACTURE A CONTROLLED SUBSTANCE UNDER THE MISSISSIPPI CODE SECTIONS LISTED IN THE INDICTMENT.**

¶10. Cliff argues that his sentence of twenty years exceeded the time allowed by the governing statutes. "The imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." ***Reynolds v. State***, 585 So. 2d 753, 756 (Miss. 1991) (citing ***Reed v. State***, 536 So. 2d 1336, 1339 (Miss. 1988)). This Court will not disturb a sentence if it does not exceed the maximum term allowed by statute. ***Robinson v. State***, 966 So. 2d 209, 214-15 (Miss. Ct. App. 2007) (citing ***Fleming v. State***, 604 So. 2d 280, 302 (Miss. 1992) (citing ***Adams v. State***, 410 So. 2d 1332, 1333-34 (Miss. 1982)).

¶11. The indictment charged Cliff with conspiracy to manufacture methamphetamine, a Schedule II controlled substance, in violation of Mississippi Code Sections 97-1-1 and  41-

5

29-139(b)(1). Mississippi Code Section 97-1-1defines conspiracy generally and provides,

in relevant part:

> (1) If two (2) or more persons conspire . . .
>
> (h) To accomplish any unlawful purpose, or a lawful purpose by any
> unlawful means; such persons, and each of them, shall be guilty of a
> felony and upon conviction may be punished by a fine of not more than
> five thousand dollars ($5,000.00) or by imprisonment for not more than
> five (5) years or both.

Miss. Code Ann. § 97-1-1 (Rev. 2006). The statute also provides enhanced sentencing for

specific conspiracy crimes. Section 97-1-1(3) states:

> Where the crime conspired to be committed is capital murder or murder as
> defined by law or is a violation of Section 41-29-139(b)(1), Section 41-29-
> 139(c)(2)(D) or Section 41-29-313(1), being provisions of the Uniform
> Controlled Substances Law, the offense shall be punishable by a fine of not
> more than five hundred thousand dollars ($500,000.00) or by imprisonment
> for not more than twenty (20) years, or by both.

Miss. Code Ann. § 97-1-1(3) (Rev. 2006).

¶12.    Mississippi Code Section 41-29-139 states, in relevant part:

> (a) Except as authorized by this article, it is unlawful for any person
> knowingly or intentionally:
> (1) to sell, barter, transfer, manufacture, distribute, dispense or possess with
> intent to sell, barter, transfer, manufacture, distribute or dispense a controlled
> substance.
> . . .
>
> (b) Except as otherwise provided in subsections (f) and (g) of this section or
> in Section 41-29-142, any person who violates subsection (a) of this section
> shall be sentenced as follows:
> (1) In the case of controlled substances classified in Schedule I or II, as set
> out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of
> marihuana, and except a first offender as defined in Section 41-29-149(e)
> who violates subsection (a) of this section with respect to less than one (1)
> kilogram but more than thirty (30) grams of marihuana, such person may,
> upon conviction, be imprisoned for not more than thirty (30) years and shall

6

be fined not less than five thousand dollars ($5,000.00) nor more than one million dollars ($1,000,000.00), or both.

Miss. Code Ann. § 41-29-139 (Rev. 2009).

¶13. Cliff argues that he cannot be found guilty of conspiring to violate Section 41-29-139(b)(1) because Section 41-29-139(b)(1) is solely a sentencing statute. Therefore, he argues, he is not eligible for enhanced sentencing under Section 97-1-1(3). An almost identical argument was advanced in *Lane v. State*, 562 So. 2d 1235, 1237 (Miss. 1990). Lane was found guilty of conspiracy to possess cocaine with the intent to sell, barter, transfer, or distribute the same, and the trial court sentenced him pursuant to Section 97-1-1(3) for conspiracy to violate Section 41-29-139(b)(1). *Id.* at 1236. Like Cliff, Lane argued that he could not have committed conspiracy to violate Section 41-29-139(b)(1) because it proscribes no criminal conduct, but is a sentencing statute. *Id.* at 1237. Section 41-29-139(b)(1) states the method by which one who is in violation of Section 41-29-139(a) may be sentenced. Specifically, it states "any person who violates subsection (a) of this section shall be sentenced as follows." Miss. Code Ann. § 41-29-139 (Rev. 2006). This Court rejected Lane's argument, stating:

> Section 41-29-139(a)(1) is merely the provision that defines the prohibited acts and § 41-29-139(b)(1) is the sentencing provision for sub-section (a). Lane was therefore, indicted under the correct statute. The penalty section for a violation of (a)(1) is in section (b)(1). The discrepancy in the code section is because the conspiracy statute section dealing with enhanced sentencing for controlled substances, § 97-1-1, directly refers to the sentencing provision under § 41-29-139. Lane was convicted for a violation of the conspiracy statute and his conspiracy was to commit a crime which has an enhanced sentencing provision for controlled substances. Therefore, the circuit judge acted well within the law when he sentenced Lane to twenty (20) years.

7

*Id.* at 1237-38. Because Cliff, like Lane, "was convicted for a violation of the conspiracy statute and his conspiracy was to commit a crime which has an enhanced sentencing provision for controlled substances" under Section 41-29-139(b)(1), the trial court properly sentenced him under Section 97-1-1(3), which provides a maximum sentence of twenty years.

¶14.    Cliff's status as a habitual offender mandated that he receive the maximum term of imprisonment without eligibility for probation or parole. The State timely moved to deem Cliff a habitual offender based on his prior felony convictions. The trial court granted the State's motion to amend the indictment pursuant to Section 99-19-81. Mississippi Code Section 99-19-81 states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2007). The order classifying Cliff as a habitual offender required the trial court to sentence Cliff to the maximum term for the crime of conspiracy to manufacture methamphetamine. Because Section 97-1-1(3) provides a maximum twenty-year sentence for those convicted of conspiracy in violation of Section 41-29-139(b)(1), Cliff's sentence is proper.

## CONCLUSION

¶15.    Because Cliff was properly sentenced under Mississippi Code Sections 97-1-1(3)

and 99-19-81, his conviction and sentence are affirmed.

¶16.    **CONVICTION OF CONSPIRACY TO MANUFACTURE METHAMPHETAMINE AND SENTENCE OF TWENTY (20) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION. APPELLANT SHALL PAY COSTS OF $320.50 AND A 2% BOND FEE OF $200.00.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, PIERCE AND KING, JJ., CONCUR.**