MAXWELL, J.,
concurring in part and in result:
¶21. I agree Hensley had sufficient notice of the State’s intent to seek an enhanced sentence. The notice require *352 ment was satisfied when the prosecutor delivered copies of the State’s proposed motion to amend the indictment, along with Hensley’s three qualifying convictions, to Hensley’s counsel twelve days before trial. And as the majority points out, Justice Chandler, writing for a unanimous supreme court — albeit addressing a slightly different challenge to Hensley’s enhanced sentence — has already emphasized the motion to deem Hensley a habitual offender was “timely ” filed by the State. Hensley v. State, 72 So.3d 1065, 1070 (¶ 14) (Miss.2011) (emphasis added). So there is already an appellate ruling that Hensley’s habitual offender “sentence is proper. ” Id. (emphasis added).
¶22. Still, I write separately to point out that Hensley could not bring a Gowdy-based claim in his PCR motion.
¶ 23. Hensley asserts Gowdy — handed down after he was convicted and sentenced — retroactively applies to his case. As support, he cites McCain v. State, 81 So.3d 1055, 1059 (¶ 8) (Miss.2012). In that opinion, the plurality acknowledged a very limited retroactive application of Gowdy’s newly enunciated rule regarding criminal procedure. Because McCain’s “case [was] not yet final when the mandate issued in Gowdy,” the plurality applied Gowdy to McCain’s insufficient-notice claim, ultimately distinguishing Gowdy and holding McCain had been properly notified. McCain, 81 So.3d at 1059 (¶¶ 8-15) (plurality opinion). I find Hensley was in the same boat as McCain.
¶ 24. When the mandate issued in Gow-dy, Hensley’s direct appeal was still pending before the supreme court. So any retroactive application was limited to his pending direct appeal. Like McCain, Hensley could have asserted his insufficient-notice claim in that appeal and called upon Gowdy in support. But what Hensley could not do is wait until his case was final and then try to collaterally attack his sentence, claiming “retroactive application” of Gowdy. See Foster v. State, 687 So.2d 1124, 1129 (Miss.1996) (citations omitted) (“Post-conviction relief is not granted upon facts and issues which could or should have been litigated at trial and on appeal.”).
¶ 25. McCain made clear that Gowdy’s dictates only applied retroactively to cases on direct review, not final cases being collaterally attacked. McCain, 81 So.3d at 1059 (¶ 8). In restraining Gowdy’s application only to direct review, not post-conviction relief, the plurality in McCain cited a variety of cases addressing the retroactivity of newly announced rules of law.[4] Our supreme court’s reasoning is not surprising since Gowdy dealt merely with procedural and not substantive aspects of enhanced sentencing, so for retroactivity purposes it could not be considered a watershed decision applicable to already-final cases. See Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (“Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applica *353 ble to those cases which have become final before the new rules are announced.”).
¶ 26. McCain is in line with our supreme court’s similar holding that Appren-di-type sentencing violations[5] are procedural in nature and not to be addressed retroactively on collateral review. See Turner v. State, 953 So.2d 1063, 1076 (¶ 50) (Miss.2007) (refusing to apply the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), retroactively).
¶ 27. For the small number of petitioners like Hensley, whose cases were still pending when Gowdy became the law, the opportunity to call upon Gowdy came in their direct appeal. And any failure to seize upon that opportunity results in waiver. See Foster, 687 So.2d at 1129. Thus, for the additional reason that Gowdy does not apply retroactively to PCR cases, I would affirm.
GRIFFIS, P.J., ROBERTS AND FAIR, JJ., JOIN THIS OPINION. IRVING, P.J., AND JAMES, J., JOIN THIS OPINION IN PART.

. McCain, 81 So.3d at 1059 (¶ 8) (quoting Beard v. Banks, 542 U.S. 406, 411, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) ("State convictions are final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiora-ri has elapsed or a timely filed petition has been finally denied."); Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break' with the past.”); Whitaker v. T & M Foods, Ltd., 7 So.3d 893, 901 (¶ 23) (Miss.2009) ("[N]ewly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation.")).

. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”